## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| IN RE: | ) |
| | ) |
| KEVIN THOMAS WINSTON | )    Case No. 20−31835−KLP |
| | )    Chapter 13 |
| Debtor | ) |

## NOTICE OF MOTION TO EXTEND THE AUTOMATIC STAY AND HEARING

The above named Debtor, by counsel, has filed a Motion to Extend the Automatic Stay with the Court pursuant to 11 U.S.C. § 362(c)(3)(B). Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one.

**NOTICE IS HEREBY GIVEN THAT A HEARING ON THIS MOTION WILL BE HELD ON April 29, 2020 at 10:00 a.m. in Honorable Judge Keith L. Phillis' Courtroom, U.S. Bankruptcy Court, 701 E. Broad Street, Room 5100, Richmond, VA 23219.**

If you want to be heard on this matter, then no later than three (3) days before the date of the hearing, you or your attorney must:

1. File with the court, at the address below, a written response pursuant to Local Rule 9013-1(H). If you mail your response to the Court for filing, you must mail it early enough so that the Court will **receive** it on or before the date stated above.

> Clerk of Court
> United States Bankruptcy Court
> 701 E. Broad Street, Room 4000
> Richmond, VA 23219-3515

2. You must also mail a copy to:

> James E. Kane, Esquire
> Kane & Papa, PC
> P.O. Box 508
> Richmond, VA  23218

If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Motion and may enter an Order granting that relief.

James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

        Respectfully submitted,

        KEVIN THOMAS WINSTON
        By Counsel

/s/ James E. Kane
James E. Kane (VSB# 30081)
Kane & Papa, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

## **CERTIFICATE OF SERVICE**

    I certify that on April 15, 2020, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtors, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

        /s/ James E. Kane
        Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| KEVIN THOMAS WINSTON | ) | Case No. 20−31835−KLP |
| | ) | Chapter 13 |
| Debtor | ) | |

**MOTION TO EXTEND AUTOMATIC STAY AND MEMORANDUM IN SUPPORT**

COMES NOW KEVIN THOMAS WINSTON (the "Debtor"), by counsel, pursuant to 11 U.S.C. § 362(c)(3)(B) and files the following Motion to Extend Automatic Stay and Memorandum in Support Thereof, and affirmatively states as follows:

**Jurisdiction**

1. Jurisdiction of this Court over the instant matter is based upon 28 U.S.C. §§ 1334 and 157 in that this action arises in and relates to the bankruptcy case of the Debtor.

2. This proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (K), and (O).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

**Background Facts**

4. On April 6, 2020 (hereinafter the "Petition Date"), the Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code (the "instant case").

5. Within the year prior to filing the instant case, Debtor has been a debtor in one (1) pending Chapter 13 bankruptcy case which was filed on May 7, 2019 and dismissed on or about March 16, 2020 (Case No. 19-32456) (the "previous case"). The Debtor has also been a debtor in a Chapter 13 case filed on January 18, 2018 and dismissed on or about April 4, 2019 (Case No. 18-30257), and a Chapter 7 case that was filed on October 4, 2000 wherein the Debtor received a discharge on January 10, 2001 (Case No. 00-35330).

3

6. The previous case was dismissed by the Court because the Debtor was delinquent in payments to the Chapter 13 Trustee. In September 2019 the Debtor lost his job with Waste Management and was out of work until October 2019 when he started working for Waste Connections. The Debtor had a wage order in place with Waste Management and his plan payments were current through September 2019. When the Debtor changed employment a new wage order was not set up with Waste Connections. By the time the Trustee's Motion to Dismiss was filed, the Debtor's delinquency was approximately $4,400.00 and he was unable to cure the same. Also, there were pending Objections to Plan in the prior case by the Trustee and DCS as the plan did not address the DCS claim for support. The Debtor has been consistently working for Waste Connections as a driver since October 2019, his current plan addresses the DCS claim, and he has been instructed to immediately contact counsel in the event of any changes of employment or other issues that may impact on his plan payments.

## Facts of the Instant Case

7. In the instant case, the Debtor has proposed a Chapter 13 Plan (the "Plan") that commits to pay the Trustee all projected disposable income, $120.00 per month for a period of one (1) month, and $1,718.00 for a period of fifty-nine (59) months.

8. Among other provisions, the Plan proposes the following: Payment through the Trustee to the IRS and State of Virginia for income taxes, to DCS for child support, Fred's Executive Auto for a care loan, Wells Fargo Bank for mortgage arrearages, and to unsecured creditors a dividend of approximately thirteen percent (13%).

## Discussion

9. Because the instant case was commenced within one (1) year of the dismissal of the prior case, the automatic stay in the instant case will expire "with respect to any action taken

with respect to a debt or property securing such debt or with respect to any lease . . . " unless the Court extends the automatic stay. 11 U.S.C. § 362(c)(3)(A) and (B).

10. Pursuant to 11 U.S.C. § 362(c)(3)(B), Debtor must demonstrate to the Court that the instant case was filed in good faith in order to obtain an extension of the automatic stay.

11. If the Court finds grounds for presuming the instant case was filed "not in good faith," § 362(c)(3)(C) would impose a burden on Debtors to overcome such presumption and prove good faith by clear and convincing evidence. If, however, the Court finds no grounds for presuming the instant case was filed "not in good faith," Debtors must merely prove good faith by a preponderance of the evidence. In re Havner, 336 B.R. 98, 103 (Bankr. M.D.N.C. 2006); In re Ball, 336 B.R. 268, 273 (Bankr. M.D.N.C. 2006).

12. Within the context of motions to continue the automatic stay pursuant to § 362(c)(3), In re Chaney, 362 B.R. 690, 694 (Bankr. E.D. Va. 2007), instructs that the term "good faith" was defined judicially in the Fourth Circuit by Deans v. O'Donnell, 692 F.2d 968, 972 (4th Cir. 1982), further refined by Neufeld v. Freeman, 794 F.2d 149, 152 (4th Cir. 1986), and left unchanged by Congress when it created § 362(c)(3). Chaney at 694.

13. Pursuant to Neufeld v. Freeman, good faith determinations require courts to consider, *inter alia*, "the percentage of proposed repayment, the debtor's financial situation, the period of time payment will be made, the debtor's employment history and prospects, the nature and amount of unsecured claims, the debtor's past bankruptcy filings, the debtor's honesty in representing facts, and any unusual or exceptional problems facing the particular debtor." Id. at 152, *citing* Deans v. O'Donnell, 692 F.2d at 972. The focus of the inquiry is "to determine whether or not . . . there has been 'an abuse of the provisions, purpose, or spirit' of Chapter 13 in the proposal or plan." Neufeld at 152, *citing* Deans at 972, and *quoting* 9 Collier on Bankruptcy 9.20 at 319 (14th ed. 1978).

5

14.     In order to apply the Fourth Circuit's definition of good faith in determining whether the automatic stay should be extended pursuant to § 362(c)(3), "the court must be satisfied that the plan in the new case will succeed where the plan in the prior case did not. Usually this will require a finding that some change in the financial or personal affairs of the debtor has occurred that will allow the debtor to perform under the terms of the plan in the new case. But the inquiry does not end there. The court needs to determine that the repetitive filing does not violate the spirit of the Bankruptcy Code. The new case must not be a ploy to frustrate creditors. It must represent a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13." Chaney at 694.

## Argument

15.     In the case *sub judice* there is a presumption that the instant case was filed "not in good faith" as to all creditors. Therefore, Debtor must prove by clear and convincing evidence that the instant case was filed in good faith.

16.     In the instant case, the Debtor has acted in good faith, and Debtor requests that the Court grant an extension of the automatic stay as to all creditors, as to Debtor and his property, and as to the property of the estate for the duration of the instant case. In support thereof, Debtor submits an Affidavit, which is attached hereto as Exhibit "1" and incorporated herein by this reference.

17.     Applying the Neufeld factors to Debtor's circumstances and to this case leads to the following conclusions:

a.      *Percentage of proposed repayment* - The Plan proposes to pay a dividend of 13% to non-priority unsecured creditors. Such creditors would receive a dividend of 0% if Debtor were to file a Chapter 7 bankruptcy case. Application of this factor favors a finding of good faith.

    b.    *Debtor's financial situation* – Debtor has income from working as a driver at Waste Connections where he has worked for six (6) months. Application of this factor favors a finding of good faith.

    c.    *Period of time payment will be made* - The period of time in which payments will be made is reasonable and is based upon the Debtor's best efforts. Application of this factor favors a finding of good faith.

    d.    *Debtor's employment history and prospects* – Debtor has income as a driver at Waste Connections where he has worked for six (6) months. Application of this factor favors a finding of good faith.

    e.    *Nature and amount of unsecured claims* – Debtor's Schedule F non-priority unsecured debts are estimated to be approximately $24,894.00. Debtor has not incurred any unsecured debt for luxury goods or services or any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case. Application of this factor favors a finding of good faith.

    f.    *Debtor's past bankruptcy filings* - The instant Motion is required due to the fact that the Debtor's previous case that was dismissed within one (1) year of the Filing Date hereof. The Affidavit attached hereto as Exhibit "1" describes fully the reasons that the previous case was dismissed. Debtor incorporates such explanation herein by this reference. Debtor's hardships do not indicate an abuse of the bankruptcy system; rather, they indicate an honest but thus far unsuccessful attempt to financially reorganize. Application of this factor favors a finding of good faith.

    g.    *Debtor's honesty in representing facts* – Debtor has fully disclosed all assets, liabilities, and pertinent information regarding personal and financial affairs and is prepared to

cooperate fully with the Chapter 13 Trustee. Application of this factor favors a finding of good faith.

h. *Any unusual or exceptional problems facing the particular debtors* – There are no unusual or exceptional problems facing Debtor. Application of this factor favors a finding of good faith.

18. Debtor asserts that the instant case does not "violate the spirit of the Bankruptcy Code" and it is not "a ploy to frustrate creditors"; rather, it represents "a sincere effort on the part of the debtor to advance the goals and purposes of chapter 13". *See* Chaney at 694. In support hereof, the Debtor asserts the following additional arguments:

a. *The timing of the petition* – Between the dismissal of the previous case and the instant case, Debtor did not act in a manner so as to purposely delay payment of debts and did not delay in filing the instant case so as to intentionally frustrate creditors. Debtor's actions in this regard indicate an intent to use the bankruptcy system to resolve debts in an appropriate manner. Application of this factor favors a finding of good faith.

b. *How the debt(s) arose* – The debts in this case arose primarily over a period of time extending back several years. The debts were not the result of misuse of credit or luxury spending; rather, they arose as a result of ordinary living expenses that Debtor became unable to repay. Application of this factor favors a finding of good faith.

c. *The debtor's motive in filing the petition* – Debtor's motive in filing this case is to apply best efforts to repay creditors and receive a fresh start through bankruptcy. Application of this factor favors a finding of good faith.

d. *How the debtor's actions affected creditors* – The Plan provisions and treatment of creditors are generally described in paragraph 7, *supra*. This factor will rarely favor a debtor,

8

because "[f]iling for bankruptcy relief will almost always prejudice one's creditors." Galanis, 334 B.R. at 696.

 e. *Changes in circumstance and ability to complete this case* – The Affidavit attached hereto as Exhibit "1" describes fully the Debtor's changes in circumstances and explain both the legitimate bases for the filing of this case as well as the Debtor's ability to complete this case. Debtor incorporates such explanations herein by this reference. Application of this factor favors a finding of good faith.

 WHEREFORE, for the foregoing reasons, KEVIN THOMAS WINSTON respectfully requests this Honorable Court to enter an Order extending the automatic stay as to all creditors, as to Debtor and Debtor's property, and as to the property of the estate for the duration of the instant case, and for such other and further relief as to the Court shall be deemed appropriate.

       Respectfully submitted,

       KEVIN THOMAS WINSTON
       By Counsel

/s/ James E. Kane
James E. Kane (VSB# 30081)
KANE & PAPA, P.C.
P. O. Box 508
Richmond, Virginia 23218-0508
Telephone (804) 225-9500
*Counsel for Debtor*

## CERTIFICATE OF SERVICE

I certify that on April 15, 2020, I have transmitted a true copy of the foregoing document electronically through the Court's CM/ECF system or by mail to the Debtor, Chapter 13 trustee, the United States trustee if other than by the electronic means provided for at Local Bankruptcy Rule 2002-1, all attorneys appearing in the previous case as listed below, and to all creditors and parties in interest of the mailing matrix attached hereto.

/s/ James E. Kane
Counsel for Debtor

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Richmond Division

| | |
|---|---|
| IN RE: ) | |
| ) | |
| KEVIN THOMAS WINSTON ) | Case No. 20−31835−KLP |
| ) | Chapter 13 |
| Debtor ) | |

## AFFIDAVIT OF KEVIN THOMAS WINSTON

BEFORE ME, the undersigned authority, personally appeared KEVIN THOMAS WINSTON, known to me, and upon his oath, stated as follows:

1. My name is KEVIN THOMAS WINSTON. I am above the age of 18 years, and competent to make this affidavit.

2. I have personal knowledge of the facts set forth in this affidavit.

3. I reside at 5400 Brandon Bluff Way, Henrico, VA.

4. I have income from working for working as a driver at Waste Connections where I have worked for six (6) months. I am the debtor in the present bankruptcy case.

5. During the one (1) year prior to filing the present case, I was a debtor in one (1) pending bankruptcy case that was dismissed.

6. Within the year prior to filing the instant case, I was a debtor in one (1) pending Chapter 13 bankruptcy case which was filed on May 7, 2019 and dismissed on or about March 16, 2020 (Case No. 19-32456) (the "previous case"). I have also been a debtor in a Chapter 13 case filed on January 18, 2018 and dismissed on or about April 4, 2019 (Case No. 18-30257), and a Chapter 7 case that was filed on October 4, 2000 wherein I received a discharge on January 10, 2001 (Case No. 00-35330).

11

7. The previous case was dismissed by the Court because I was delinquent in my payments to the Chapter 13 Trustee. In September 2019 I lost my job with Waste Management and was out of work until October 2019 when I started working for Waste Connections. I had a wage order in place with Waste Management and my plan payments were current through September 2019. When I changed employment a new wage order was not set up with Waste Connections. By the time the Trustee's Motion to Dismiss was filed, my delinquency was approximately $4,400.00 and I was unable to cure the same. Also, there were pending Objections to Plan in the prior case by the Trustee and DCS as the plan did not address the DCS claim for support. I have been consistently working for Waste Connections as a driver since October 2019, my current plan addresses the DCS claim, and I have been instructed to immediately contact counsel in the event of any changes of employment or other issues that may impact on my plan payments.

8. I have listed all of my assets and all of my debts and have fully and accurately disclosed all of my income and expenses in the Schedules in this case.

9. I will propose the following treatment of my creditors in my Chapter 13 Plan: Payment through the Trustee to the IRS and State of Virginia for income taxes, to DCS for child support, Fred's Executive Auto for a care loan, Wells Fargo Bank for mortgage arrearages, and to unsecured creditors a dividend of approximately thirteen percent (13%).

10. I am proposing to pay the Trustee all projected disposable income, $120.00 per month for a period of one (1) month, and $1,718.00 for a period of fifty-nine (59) months.

11. After the dismissal of my previous case, I acted as fast as I reasonably could to retain a bankruptcy attorney to file this case for me because I want to use the bankruptcy system to resolve my debts.

12. My debts arose as a result of ordinary living expenses. The debt I have has accumulated over several years and is not the result of any purchases of luxury goods or services.

13. I have also not incurred any unsecured debt due to revolving credit accounts or pay day loans within the 90 days prior to filing the instant case.

14. I desire to use the bankruptcy system to obtain a fresh start and have not been attempting to evade my responsibilities or delay my creditors' attempts to collect.

15. My income is consistent and likely to remain so during this case. My household expenses are not likely to change substantially. I believe I will be able to make my payments to the Trustee and meet my other obligations as they come due throughout this case.

WITNESS the following signature and seal on March 23, 2020.

                                                /s/ Kevin Thomas Winston(seal)
                                                Kevin Thomas Winston

### CERTIFICATE OF ACKNOWLEDGMENT

State of Virginia
City of Richmond; to wit:

The foregoing instrument was acknowledged before me on March 23, 2020, by Kevin Thomas Winston.

                                                /s/ Suzanne Elizabeth Falkowski
                                                Notary Public

My Commission Expires:     August 31, 2024
Notary Registration Number:     7868756

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | | |
|---|---|---|
| CASE INFO<br><br>  LABEL MATRIX FOR LOCAL NOTICING<br>04223<br>CASE 20-31835-KLP<br>EASTERN DISTRICT OF VIRGINIA<br>RICHMOND<br>TUE APR 7 13-44-50 EDT 2020 | ADVANCE AMERICA<br>1365 S MAIN ST<br>BLACKSTONE VA 23824-2625 | AMERICA WEB LOAN<br>2128 NORTH 14TH STREET<br>SUITE 1 130<br>PONCA CITY OK 74601-1831 |
| ATLANTIC FURNITURE<br>3002 MECHANICSVILLE TPKE<br>RICHMOND VA 23223-1829 | CARL M BATES<br>341 DIAL 8668130912 CODE 8576180<br>P O BOX 1819<br>RICHMOND VA 23218-1819 | BON SECOURS<br>PO BOX 409601<br>ATLANTA GA 30384-9601 |
| CHAPLIN  GONET<br>5211 WEST BROAD STREET<br>SUITE 100<br>RICHMOND VA 23230-3000 | CITY OF RICHMOND<br>DEPT OF PUBLIC UTILITIES<br>900 E BROAD ST<br>RICHMOND VA 23219-1907 | CITY OF RICHMOND<br>PO BOX 23180<br>RICHMOND VA 23223-0580 |
| COMCAST<br>5401 STAPLES MILL ROAD<br>HENRICO VA 23228-5443 | CREDIT ACCEPTANCE<br>25505 W TWELVE MILE RD<br>STE 3000<br>SOUTHFIELD MI 48034-8331 | DOMINION ENERGY<br>P O BOX 26543<br>COLONIAL HEIGHTS VA 23834-0000 |
| EXPRESS CHECK ADVANCE<br>1413 TAPPAHANNOCK BLVD<br>TAPPAHANNOCK VA 22560-0000 | JOHN P FITZGERALD III<br>OFFICE OF THE US TRUSTEE   REGION 4 R<br>701 E BROAD STREET STE 4304<br>RICHMOND VA 23219-1849 | FREDS EXECUTIVE AUTO<br>14538 JEFFERSON DAVIS HWY<br>WOODBRIDGE VA 22191-2815 |
| GASTROINTESTIAL SPECIALISTS<br>2369 STAPLE MILL ROAD<br>SUITE 200<br>RICHMOND VA 23230-2918 | GEICO<br>ATTN REGION 7 RETURN POLICY<br>PO BOX 9520<br>FREDERICKSBURG VA 22403-9519 | HENRICO COUNTY VIRGINIA<br>ANDREW NEWBY ASSISTANT ATTY<br>PO BOX 90775<br>HENRICO VA 23273-0775 |
| HENRICO DOCTORS HOSPITAL<br>PO BOX 740760<br>CINCINNATI OH 45274-0760 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATIONS<br>PO BOX 7346<br>PHILADELPHIA PA 19101-7346 | INTERNAL REVENUE SERVICE<br>CENTRALIZED INSOLVENCY OPERATI<br>P O BOX 7346<br>PHILADELPHIA PA 19101-7346 |
| ~~EXCLUDE~~<br><br>~~JAMES E KANE~~<br>~~KANE  PAPA PC~~<br>~~1313 EAST CARY STREET~~<br>~~PO BOX 508~~<br>~~RICHMOND VA 23218-0508~~ | KIMBERLY ALICE CHANDLER<br>CHANDLER LAW FIRM<br>PO BOX 17586<br>RICHMOND VA 23226-7586 | OAKLEYS CHASE HOMEOWNERS ASSOC<br>CO KANE JEFFRIES  CAROLLO PC<br>1700 BAYBERRY CT STE 103<br>HENRICO VA 23226-3791 |
| T MOBILE<br>C O AMERICAN INFOSOURCE LP<br>4515 N SANTA FE AVE<br>OKLAHOMA CITY OK 73118-7901 | DIVISION OF CHILD SUPPORT ENFORCEMENT<br>BANKRUPTCY UNIT<br>2001 MAYWILL STREET STE 200<br>RICHMOND VA 23230-3236 | TRUGREEN<br>860 RIDGE LAKE BLVD<br>MEMPHIS TN 38120-9408 |

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF" SUBMITTED RECEIVING ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

US ATTORNEY
919 E MAIN STREET SUITE 1900
RICHMOND VA 23219-4622

US DEPARTMENT OF HOUSING  URBAN DEVELOPME
ATTN OFFICE OF REGIONAL COUNSEL
THE WANNAMAKER BUILDING
100 PENN SQUARE EAST--11TH FLOOR
PHILADELPHIA PA 19107-3325

UST SMG RICHMOND
OFFICE OF THE U S TRUSTEE
701 EAST BROAD ST SUITE 4304
RICHMOND VA 23219-1849

VERIZON BK
3601 CONVERSE DR
WILMINGTON NC 28403-6182

VIRGINIA CREDIT UNION
PO BOX 90010
RICHMOND VA 23225-9010

VIRGINIA DEPARTMENT OF TAXATIO
PO BOX 2369
RICHMOND VA 23218-2369

VIRGINIA GREEN
7421 RANCO ROAD
HENRICO VA 23228-3701

WELLS FARGO HOME MORTGAGE
MAC X780103K
3476 STATEVIEW BLVD
FORT MILL SC 29715-7203

DEBTOR
KEVIN THOMAS WINSTON
5400 BRANDON BLUFF WAY
HENRICO VA 23223-5801